260 So.2d 604

Susan K. DUNKIN

v.

STATE.

8 Div. 190.

Court of Criminal Appeals of Alabama.

Nov. 23, 1971.

Rehearing Denied Feb. 29, 1972.

Bingham D. Edwards, Decatur, for appellant.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

CATES, Judge.

Possession of dexedrine (a salt of amphetamine): sentence, two years in the penitentiary after a plea of guilty. Alabama Drug Abuse Control Act (No. 252 approved August 24, 1967).

In brief appellant claims (in part):

*"The Defendant's rights were violated when she was required to commit herself to a plea of guilty prior to being advised of its consequences."*

To buttress this contention the argument runs:

"On the 1st of February, the date set for the defendant's trial, prior to the judge advising the defendant that if she entered a plea of guilty this would do away with her right against compulsory self-incrimination, her right to a jury trial and her right to confront witnesses against her, he impounded [sic] the following question:

" 'The Court: I understand through your attorney now you want to change your plea from not guilty to guilty, is that correct?' (R8)

"The defendant replied 'Yes, sir.' (R8)

"By thus requiring of the defendant's intention to change her plea from not guilty to guilty, the judge thereby either (1) accepted her plea of guilty, (2) caused the defendant to commit herself to a guilty plea from which she could not retreat or (3) so confused the defendant that she did not understand that she could thereafter plead not guilty.

"From the questions that followed it appears evident that the Court itself at that point had accepted the plea of guilty, or conveyed to the defendant the impression that the Court already considered the plea as entered and that she was committed to a plea of guilty:

" 'The Court: You tell me then that *your plea of guilty you want to enter* is voluntary?' (R9) (Emphasis Added).

" 'The Court: You are pleading guilty because you are guilty and for no other reason?' (R9) (Emphasis Added).

"Even though the court did make the statement prior to this last question that he needed to ask more questions . ' * * *

before I *accept this plea.'* (R9) Emphasis Added) there was a definite indication communicated to the defendant from this statement that her plea of guilty had been entered, although possibly not accepted by the Court at that point, and as far as she knew or was advised she could not withdraw her plea.

"At best the defendant was confused by these statements and the ones that followed:

" 'You understand *if you enter a plea* of quilty to this case, this does away with your right to a jury trial, do you understand that?' (R5) (Emphasis Added).

" *'In the event you enter the plea,* regardless of the recommendation of your attorney and the state to a sentence of three years, the Court could proceed to sentence you to ten years, do you understand that?' (R5, 6) (Emphasis Added).

" 'In no event, *if you plead,* you will get no less than two years' (R6) (Emphasis Added).

"Even though the defendant answered in the affirmative to each of these questions, the parts of the statements that might indicate to the defendant that she had not yet entered her plea and that she could still plead not guilty' ' * * * if you enter a plea of guilty to this case * * *'; ' "In the event you enter the plea * * *'; and ' * * * if you plead * * *' were secondary parts of the question or side comments, and the remainder of the question demanded a completely separate and distinct answer from whether or not she wanted to plead 'not guilty.'

"Nor is the impression in the defendant's mind that she had already entered her plea, or at best a confusion as to whether it had been entered, cured by the Court's next statement:

" 'The Court: I will ask you in case number * * * first let me make this determination. I find that *your plea* is provident, you understand the conse-

quences of *it*, there is a factual basis for *it*, and that *it* is voluntary. How do you plead in Case Number 6793, the unlawful possession of amphetamines, guilty or not guilty?' (R16) (Emphasis Added).

"Even here there is evidence that in the Court's mind the plea of guilty had already been entered, and if it was entered prior to the Court's advising the defendant of its consequences, or if there was confusion in the defendant's mind as to whether or not she could thereafter plea not guilty upon hearing that she could not be required to incriminate herself, that she had a right to a trial by jury and that she had a right to confront her accusers, then the plea of guilty was not properly obtained because it was either entered and accepted by the Court prior to the Defendant having been advised of its consequences, or she did not voluntarily, intelligently and understandingly waive her rights, and the plea does not represent '* * * a voluntary and intelligent choice among the alternate courses of action open to the defendant * * *' North Carolina v. Alford, supra."

Nowhere does it appear that the Court indicated that probation would not be considered unless the appellant first pled guilty. We quote in part from the colloquy:

"THE COURT: It is your right under the constitution to give your testimony. It is waived when you plead guilty. You are admitting the elements of the offense. You are not only confessing in court to the offense, but you're entering a conviction against yourself, do you realize that?

"THE DEFENDANT: Yes, sir.

"THE COURT: I note you ask for probation. Probation is a matter of grace. It is not a matter of right, particularly in cases as concerns unlawful drugs. You haven't been told that you would get probation simply by pleading guilty and asking for it, have you?

"THE DEFENDANT: No, sir.

"THE COURT: You realize that the sentencing range js what, Mr. Deputy District Attorney?

"MR. NELSON: For not less than two not more than ten years, and in addition may be fined not more than $20,-000.00.

"THE COURT: All right. In the event you enter the plea, regardless of the recommendation of your attorney and the state to a sentence of three years, the Court could proceed to sentence you to ten years, do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: In no event, if you plead, you will get no less than two years.

"THE DEFENDANT: Yes, sir.

"THE COURT: You also heard the section read as concerning the possibility of a fine.

"THE DEFENDANT: Yes, sir.

"THE COURT: I will ask you in case number—first let me make this determination. I find that your plea is provident, you understand the consequences of it, there is a factual basis for it, and that it is voluntary. How do you plead in Case Number 6793, the unlawful possession of amphetamines, guilty or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: All right. I am going to defer sentence in your case until I have a chance to look at your presentence investigation, and your probation report."

We have carefully read the entire colloquy between court and the appellant on the occasion of her change of plea after a bargain between her counsel and the District Attorney. We conclude that the record shows compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274, and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. Moreover, the court sentenced appellant to one year less than the bargain called for.

The judgment below is hereby

Affirmed.